IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
5/5/17
Date                    Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LINDSEY BAILIFF,

Plaintiff,

CASE NO.:

vs.

KOHL'S DEPARTMENT STORES, INC.,
and OPTIO SOLUTIONS, LLC d/b/a QUALIA
COLLECTION SERVICES

Defendants.

_____/

DEMAND FOR JURY TRIAL

6:17-cv-814-ORL-40DCI

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, LINDSEY BAILIFF (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendants, KOHL'S DEPARTMENT STORES, INC., (hereafter "Kohl's"), and OPTIO SOLUTIONS, LLC d/b/a QUALIA COLLECTION SERVICES (hereafter "Qualia Collection Services") and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendants' violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereafter the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendants transact business in this District.

## FACTUAL ALLEGATIONS

4. Plaintiff is an individual residing in Orange County, Florida.

5. Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2) and the FDCPA, 15 U.S.C. §1692a(3).

6. Kohl's is a nationally chartered bank as registered with the Florida Department of State, Division of Corporations.

7. Kohl's is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Orange County, Florida.

8. Kohl's is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9. Qualia Collection Services is a foreign limited liability company as registered with the Florida Department of State, Division of Corporations.

10. Qualia Collection Services is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and by the FDCPA, 15 U.S.C. §1692a(4), and does business throughout the state of Florida, including Orange County, Florida.

11. Qualia Collection Services is a "Debt Collector" as defined by the FCCPA, Fla Stat. § 559.55(7) and the FDCPA, 15 U.S.C. §1692a(6).

12. Qualia Collection Services is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

13. The conduct of Defendants, which gives rise to the cause of action herein alleged, occurred in this District, Orlando, Florida, by the Defendants' placing of telephone calls to Plaintiff cellular telephone in an attempt to collect a debt.

14. Defendants, at all material times, was attempting to collect a debt relating to a Kohl's store credit card, Account No. ending in –2339.

15. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. § 559.55(6) and FDCPA, 15 U.S.C. § 1692a(5).

16. On, September 2, 2016, Plaintiff received a phone call from Kohl's to collect a debt. During the telephone call, Plaintiff advised Kohl's to stop calling her cellular telephone.

17. Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on September 2, 2016, when Plaintiff verbally advised Kohl's to stop calling her cellular telephone.

18. On, November 11, 2016, Plaintiff received a phone call from Qualia Collection Services to collect a debt. During the telephone call, Plaintiff advised Qualia Collection Services to stop calling her cellular telephone.

19. Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on November 11, 2016, when Plaintiff verbally advised Qualia Collection Services to stop calling her cellular telephone.

20. Plaintiff is the regular user and carrier of the cellular telephone number ending in 3753 and was the called party and recipient of Defendants' automatic telephone dialing system and/or artificial or prerecorded voice.

21. Defendants knowingly and/or willfully called Plaintiff's cellular telephone after Defendants had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

22. Defendants knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone after Defendants had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

23. Kohl's knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone number up to five (5) times per day from September 2, 2016 through the filing of this complaint.

24. The following phone numbers, including, but not limited to, 414-257-2339, 262-704-9780, are phone numbers Kohl's used to call Plaintiff's cellular telephone.

25. Qualia Collection Services knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone number up to two (2) times per day from November 11, 2016 through the filing of this complaint.

26. The following phone number, including, but not limited to, 800-398-6146, is the phone number Qualia Collection Services used to call Plaintiff's cellular telephone.

27. Defendants have, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiff.

28. Defendants used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

29. Defendants placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

30. Some of the representatives sounded like artificial or pre-recorded voices.

31. The calls from Defendants to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking her consent.

32. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

33. None of Defendants' telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

34. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)
### (BAILIFF V. KOHL'S)

35. Plaintiff incorporates all allegations in paragraphs 1-34 as if stated fully herein.

36. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

37. Kohl's violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

38. Specifically, Kohl's continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, LINDSEY BAILIFF, demands judgment against Defendant, KOHL'S DEPARTMENT STORES, INC., for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff(s) whole;

d. in the case of a successful action sustaining the liability of Kohl's, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e. any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)
## (BAILIFF V. QUALIA COLLECTION SERVICES)

39. Plaintiff incorporates all allegations in paragraphs 1-34 as if stated fully herein.

40. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

41. Qualia Collection Services violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

42. Specifically, Qualia Collection Services continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, LINDSEY BAILIFF, demands judgment against Defendant, OPTIO SOLUTIONS, LLC d/b/a QUALIA COLLECTION SERVICES, for the following relief:

f. any actual damages sustained by Plaintiff as a result of the above allegations;

  g. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

  h. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff(s) whole;

  i. in the case of a successful action sustaining the liability of Qualia Collection Services, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

  j. any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(5)
### (BAILIFF V. QUALIA COLLECTION SERVICES)

43. Plaintiff incorporates all allegations in paragraphs 1-34 as if stated fully herein.

44. Defendant violated the FDCPA, 15 U.S.C. § 1692d(5), when Defendant engaged in conduct which was intended to harass, oppress, and abuse Plaintiff.

45. Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone repeatedly and continuously to annoy, abuse, and harass Plaintiff.

**WHEREFORE**, Plaintiff, LINDSEY BAILIFF, demand(s) judgment against Defendants, OPTIO SOLUTIONS, LLC d/b/a QUALIA COLLECTION SERVICES, for the following relief:

  a. any actual damages sustained by Plaintiff as a result of the above allegations;

  b. statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

c. in the case of a successful action sustaining the liability of Defendants, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

d. any other relief the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

46. Plaintiff incorporates all allegations in paragraphs 1-34 as if stated fully herein.

47. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

48. Defendants used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

49. Defendants independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendants placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

50. The phone calls made by Defendants are considered willing and knowing violations of the TCPA, as Defendants is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, LINDSEY BAILIFF, demands judgment against Defendants, KOHL'S DEPARTMENT STORES, INC. and OPTIO SOLUTIONS, LLC d/b/a QUALIA COLLECTION SERVICES , for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiff's revocation;

b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendants' independent violations were made willfully or knowingly; and

c.  any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff(s) demand(s) a trial by jury as to all issues.

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

*Lindsey C. Bailiff*
LINDSEY BAILIFF

Date: _____

BOSS LAW

_____
Christopher W. Boss, Esq.
Fla. Bar No. 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff**